## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

James Robert Starkey

January 8, 1992

Case No. (Criminal) 7695

By Judge Thomas D. Horne

This case came before the Court on defendant's Motion for a Gag Order and To Seal Discovery. Defendant asserts that the disclosure of materials furnished in the discovery process is prejudicial to his right to a fair trial. The Motion and memorandum in support thereof allude to the prior disclosure of documents filed with the Court during the discovery process, as well as statements made by members of the Loudoun County Sheriff's Department and Office of the Commonwealth's Attorney.

Pursuant to the Court's notice to area media representatives regarding defendant's Motion to Seal Discovery, Mr. Joseph B. Phillips, President of Leesburg Today Newspaper, a newspaper published and circulated in Loudoun County, Virginia, filed a petition opposing defendant's motion.

The Court observes, in ruling upon the defendant's Motion for a Gag Order, that D.R. 7–106 of the Virginia Code of Professional Responsibility provides as follows:

> (A) A lawyer participating in or associated with the investigation or the prosecution or the defense of a criminal matter that may be tried by a jury shall not make or participate in making an extra-judicial statement that a reasonable person would expect to be disseminated by means of public communication that he knows, or should know,

constitutes a clear and present danger of interfering with the fairness of the trial by jury.

(B) A lawyer shall exercise reasonable care to prevent his employees and associates from making an extra-judicial statement that he would be prohibited from making under DR 7–106.

This rule should be likewise applicable to law enforcement officers familiar with the case. It may be noted that the standards drafted by the American Bar Association relating to Fair Trial and Free Press specifically admonish law enforcement officers from, *inter alia*, commenting publicly upon a defendant's prior record, contents of confessions, test results and examinations, testimony and credibility of prospective witnesses, and matters relating to the merits of the case. *American Bar Association Standards Relating to Fair Trial and Free Press* (March 1968). Based upon the exhibits submitted in support of the defendant's Motion, the Court finds it appropriate to this case that counsel and law enforcement officers connected with this case be directed to scrupulously adhere to the letter and the spirit of D.R. 7–106 and E.C. 7–30. However, in so doing, the Court makes no finding of a prior ethical violation. Moreover, to the extent that the Gag Order would limit public access to proceedings before this Court, it is denied.

The Court will direct that all future discovery responses be submitted only to opposing counsel and not filed with the Court unless by leave of Court or where required by statute or Rule of Court. Rule 3A:11 of the Rules of the Supreme Court of Virginia does not mandate filing of discovery responses. The provisions of § 17–43, Code of Virginia, command only that the records and papers of every court be open to inspection, except only in specified cases. Thus, the critical distinction between "Judicial Records" and "Pretrial Documents" is of considerable importance. Therefore, in a civil case, a pleading is subject, by statute, to review (absent a specific finding of a compelling interest to protect) but a deposition is not. *Shenandoah Publishing v. Fanning*, 235 Va. 253 (1988). This distinction becomes somewhat clouded in criminal cases where filings as part of the discovery process may be required. *See, e.g.*, Section 19.2–187, Code of Virginia. The instant case does not present the need for an analysis of the First Amendment implications of the right of public access and a countervailing compelling interest to protect the right of the

defendant to a fair trial except only as to those few documents which may have been filed to preserve their admissibility at trial. *Richmond Newspapers v. Commonwealth*, 222 Va. 574 (1981). There is simply no requirement for the filing of most pretrial discovery responses, and thus no right of access. Where a statutory procedure for filing of documents to preserve their admissibility has been followed, the public's temporary denial of access is overshadowed by the compelling interest to provide for the fair trial of the defendant. This is particularly true where evidence is of a scientific nature and requires a necessary foundation for its admissibility.

Accordingly, the Court will direct that all discovery already filed in this case be sealed until further order of the Court and that further discovery will only be filed with the opposing party unless required by statute, Rule of Court, or Court order.